UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| AFRICAN AMERICA INMATES OF CCA OF SOUTHERN NEVADA DETENTION CENTER, *et al.*,<br><br>Petitioners,<br><br>v.<br><br>PRADO, *et al.*,<br><br>Respondents. | Case No. 2:12-cv-00468-MMD-VCF<br><br>ORDER |

Petitioners have submitted a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and an application for leave to proceed *in forma pauperis*. (dkt. no. 1, 5.) Based on the information concerning petitioner Griffin's financial status, the court finds that the motion to proceed *in forma pauperis* should be granted. Petitioners shall not be required to pay the filing fee for their habeas corpus petition.

Rule 4 of the Rules Governing Section 2254 Cases requires the court to make a preliminary review of each petition for writ of habeas corpus. The court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Habeas Rule 4; *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990); *see also Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990). Rules Governing Section 2254 Cases in the United States District Courts are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241. Thus, the court conducts the same initial review of the petition even if it arises under 28 U.S.C. § 2241.

"The purpose of habeas corpus is to test the legality of detention." *Arias v. Rogers*, 676 F.2d 1139, 1142 (7th Cir. 1982). Pretrial petitions for habeas corpus "are properly brought under 28 U.S.C.A. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir.), *cert. denied*, 484 U.S. 956 (1987). "It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of trial." *Jones v. Perkins*, 245 U.S. 390, 391-92 (1918).

Here, petitioners state that their detention is illegal because respondents have delayed, stolen, and tampered with their mail in connection with their notice of appeal in another civil case. Petitioners also claim that the Federal Public Defender's Office has been advised of respondents' actions, but that it has failed to remedy the problem. None of petitioners' allegations, under even the most liberal of construction, demonstrate that their pretrial detention is illegal. Petitioners fail to set forth any facts showing that they may be entitled to relief under § 2241. Therefore, the court dismisses the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases because it plainly appears that petitioners are not entitled to relief.

In order to proceed with an appeal, petitioners must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the

issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.* This court has considered the issues raised by petitioners, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard. The court will therefore deny petitioners a certificate of appealability.

**IT IS THEREFORE ORDERED** that petitioner Griffin's motion to proceed *in forma pauperis* (DKT. NO. No. 5) is **GRANTED.**

**IT IS FURTHER ORDERED** that the petition (dkt. no. No. 1) is **DISMISSED** under Rule 4 of the Rules Governing Section 2254 Cases.

**IT IS FURTHER ORDERED** that petitioners' motion for the appointment of counsel and motion to suppress (dkt. no. Nos. 2, 3) are **DENIED as moot.**

**IT IS FURTHER ORDERED** that the clerk **SHALL ENTER JUDGMENT ACCORDINGLY.**

DATED THIS 8th day of August, 2012.

_____
UNITED STATES DISTRICT JUDGE